IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND

JOAN ROBINSON LYNCH
5743 Cedar Oaks Drive
Jacksonville, Florida 32210

     AND

JAMES MITCHELL ROBINSON
4584 Kinsale Drive SW
Mableton, Georgia 30126

     AND

JANET ROBINSON STERN
209 Binca Circle
Suwanee, Georgia 30024

     AND

To the Use of
PATRICIA RHODES ROBINSON
5706 Cedar Oaks Drive
Jacksonville, Florida 32210

     AND

THE ESTATE OF
EMORY MITCHELL ROBINSON
     by:
         Personal Representative
         Patricia Rhodes Robinson
         5706 Cedar Oaks Drive
         Jacksonville, Florida 32210

     Plaintiffs

     VS.

BALTIMORE WASHINGTON
MEDICAL CENTER, INC.
301 Hospital Drive
Glen Burnie, Maryland 21061

Case Number:

Serve On:
Resident Agent
University of Maryland Medical Sys.
Corp
Office of General Counsel
24th Floor
250 West Pratt Street
Baltimore, Maryland 21201

AND

BALTIMORE WASHINGTON
EMERGENCY PHYSICIANS, INC.
301 Hospital Drive
Glen Burnie, Maryland 21061

Serve On:
Resident Agent
University of Maryland Medical Sys.
Corp
Office of General Counsel
24th Floor
250 West Pratt Street
Baltimore, Maryland 21201

AND

MICHAEL JOSEPH DAVIS, PA-C
4025 St. Johns Lane
Ellicott City, Maryland 21042

AND

CHRISTINA JANE BENNETT, M.D.
Now known as
CHRISTINA JANE BENNETT-FEE, M.D.
301 Hospital Drive
Glen Burnie, Maryland 21061

AND

NEEL KIRAN VIBHAKAR, M.D.
301 Hospital Drive
Glen Burnie, Maryland 21061

AND

JONATHAN C. WENDELL, M.D.
301 Hospital Drive
Glen Burnie, Maryland 21061

        AND

ADVANCED RADIOLOGY, P.A.
Individually and Trading as
ADVANCED RADIOLOGY 24/7
7253 Ambassador Road
Baltimore, Maryland 21244

        Serve On:
        Resident Agent
        David I. Safferman, M.D.
        7253 Ambassador Road
        Baltimore, Maryland 21244

        AND

MARTIN N. SCOTT, M.D.
7253 Ambassador Road
Baltimore, Maryland 21244

        Defendants.

# COMPLAINT

Plaintiffs Joan Robinson Lynch, James Mitchell Robinson, Janet Robinson Stern

individually and Patricia Rhodes Robinson as the Personal Representative of the Estate of Emory

Mitchell Robinson, by and through their attorney, David A. Harak and The Harak Law Firm,

LLC sue the above-named Defendants and in support thereof state the following:

1.   That Plaintiff Joan Robinson Lynch is an adult citizen of the State of Florida, who

resides at 5743 Cedar Oaks Drive, Jacksonville, Florida 32210, and is also a daughter of

Decedent Emory Mitchell Robinson.

2.   That Plaintiff James Mitchell Robinson is an adult citizen of the State of Georgia,

who resides at 4584 Kinsale Drive SW, Mableton, Georgia 30126, and is also a son of Decedent Emory Mitchell Robinson.

3.   That Plaintiff Janet Robinson Stern is an adult citizen of the State of Georgia, who resides at 209 Binca Circle, Suwanee, Georgia 30024 and is also a daughter of Decedent Emory Mitchell Robinson.

4.   To the Use Plaintiff Patricia Rhodes Robinson is an adult citizen of the State of Florida, who resides at 5706 Cedar Oaks Drive, Jacksonville, Florida 32210 and is also the wife of Decedent Emory Mitchell Robinson and the Personal Representative of his estate, which is a Plaintiff.

5.   That Defendant Baltimore Washington Medical Center, Inc. is a corporation that provides health care services, organized and existing pursuant to the laws of the State of Maryland with its principal place of business at 301 Hospital Drive, Glen Burnie, Maryland 21061 and at all times herein mentioned traded and did business as "University of Maryland Baltimore Washington Medical Center".

6.   That Defendant Baltimore Washington Emergency Physicians, Inc. is a corporation that provides health care services, organized and existing pursuant to the laws of the State of Maryland with its principal place of business at 301 Hospital Drive, Glen Burnie, Maryland 21061.

8.   At all times mentioned herein, Defendant Neel Kiran Vibhakar, M.D. is a medical doctor who is licensed to practice medicine in the State of Maryland and is an emergency physician who worked at the University of Maryland Baltimore Washington Medical Center, and pursuant to a delegation agreement operative at the time of the events set forth in this claim was the supervising physician of Physician's Assistant Michael Joseph Davis.

9.  That Defendant Neel Kiran Vibhakar, M.D. is an employee of Defendant Baltimore Washington Emergency Physicians, Inc.

10.  At all times mentioned herein, Michael Joseph Davis, PA-C is licensed as a physician's assistant in the State of Maryland who was working at the University of Maryland Baltimore Washington Medical Center and pursuant to a delegation agreement operative at the time of the events set forth in this claim was being supervised by Defendant Neel Kiran Vibhakar, M.D.

11.  That Michael Joseph Davis, PA-C is an employee of Defendant Baltimore Washington Emergency Physicians, Inc.

12.  At all times mentioned herein, Defendant Christina Jane Bennett, M.D., who is now known as Christina Jane Bennett-Fee, M.D. and Defendant Jonathan C. Wendell, M.D. are medical doctors and are emergency physicians, who are licensed to practice medicine in the State of Maryland and, who, worked at the University of Maryland Baltimore Washington Medical Center.

13.  That Defendants Christina Jane Bennett-Fee, M.D. and Jonathan C. Wendell, M.D. are employees of Defendant Baltimore Washington Emergency Physicians, Inc.

14.  That Defendant Advanced Radiology, P.A. is a Professional Association that provides health care and diagnostic radiology services, organized and existing pursuant to the laws of the State of Maryland with its principal place of business at 7253 Ambassador Road Baltimore, Maryland 21244 and also uses the trade name Advanced Radiology 24/7.

15.  At all times mentioned herein, Defendant Martin N. Scott, M.D. is a medical doctor who is licensed to practice medicine in the State of Maryland as a radiologist and was employed by Advanced Radiology, P.A.

**JURISDICTION OF CLAIM AND VENUE**

16. This Honorable Court has jurisdiction according to 28 U.S.C. § 1332 based upon complete diversity of citizenship of the parties to the causes of action, which are for an amount that exceeds Seventy-Five Thousand Dollars ($75,000.00) exclusive of pre-judgment and post-judgment interest, costs, and attorney fees.

17. Venue lies in the United States District Court for the District of Maryland Northern Division according to 28 U.S.C. § 1391 because it is the judicial district and division in which a substantial part of the events or omissions giving rise to the claim occurred.

<u>COUNT I</u>

Plaintiffs Joan Robinson Lynch, James Mitchell Robinson, Janet Robinson Stern, and
To the Use of Plaintiff Patricia Rhodes Robinson

(Wrongful Death –Defendant Christina Jane Bennett-Fee, M.D.)

18.  Plaintiffs Joan Robinson Lynch, James Mitchell Robinson, Janet Robinson Stern, and to the Use of Plaintiff Patricia Rhodes Robinson individually reallege and incorporate by reference paragraphs one through sixteen into this count as though fully set forth herein, and further allege that at all times of which they complain, Defendant Christina Jane Bennett-Fee, M.D. was licensed to practice medicine in the State of Maryland and represented to the public and Emory Mitchell Robinson possession of that degree of skill, knowledge and ability ordinarily possessed by reasonably competent medical doctors practicing the medical specialty of emergency medicine.

19.  Defendant Christina Jane Bennett-Fee, M.D. owed a duty to Emory Mitchell Robinson, and those other patients who came under her care, to exercise the degree of care, skill

and judgment ordinarily expected of a reasonably competent medical doctor of the same or similar specialty acting in the same or similar circumstances; that duty included properly monitoring, attending to, informing, warning, examining, diagnosing, treating, prescribing, referring, consulting upon and administering to patients who might submit to her care and professional diagnostic analysis.

20.  On or about November 11, 2017, Emory Mitchell Robinson came under the medical care of Defendant Christina Jane Bennett-Fee, M.D., who was acting individually and as the on-site supervising physician of Michael Joseph David, PA-C.

21.  Defendant Christina Jane Bennett-Fee, M.D. deviated from the accepted standards of medical care by failing to provide appropriate care and treatment for Emory Mitchell Robinson, including failure to accurately diagnose, treat, examine, manage, follow up, inform and warn Emory Mitchell Robinson about the true nature of his medical condition and the risks associated with it, failure to properly diagnose Emory Mitchell Robinson's spinal fracture and other pathologic abnormalities, and otherwise failing to appropriately and adequately diagnose and treat Emory Mitchell Robinson.

22.  By breaching the aforementioned duties, Defendant Christina Jane Bennett-Fee, M.D. was negligent in the care diagnosis and treatment recommendations she provided to Emory Mitchell Robinson.

23.  As a direct and proximate result of Defendant Christina Jane Bennett-Fee, M.D.'s negligence, Emory Mitchell Robinson died on January 19, 2018.

24.  As a further direct and proximate result of the negligence of Defendant Christina Jane Bennett-Fee, M.D., Plaintiffs Joan Robinson Lynch, James Mitchell Robinson, Janet

Robinson Stern, and to the Use of Plaintiff Patricia Rhodes Robinson have sustained pecuniary loss, mental anguish, emotional pain and suffering, loss of society, loss of companionship, loss of marital care, loss of parental care, loss of financial support, loss of comfort, loss of protection, loss of filial care, loss of attention, loss of advice, loss of counsel, loss of training, loss of guidance, and loss of education.

25.  All of the injuries, damages and losses claimed herein were directly the result of the medical negligence, carelessness, unskillfulness of Defendant Christina Jane Bennett-Fee, M.D., who 1) did not conduct herself in a competent and skillful manner; 2) failed to exercise the degree of skill and care necessary under the circumstances; 3) departed from generally accepted medical practices, procedures and diagnostic standards of care; and 4) was otherwise careless, reckless and negligent.

WHEREFORE, the Plaintiffs demand judgment in their favor and against Defendant Christina Jane Bennett-Fee, M.D. in the amount of Three Million Dollars ($3,000,000.00) plus interest, costs and such other and further relief as this Honorable Court deems proper.

<u>COUNT II</u>

Plaintiffs Joan Robinson Lynch, James Mitchell Robinson, Janet Robinson Stern, and
To the Use of Plaintiff Patricia Rhodes Robinson

**(Wrongful Death –Defendant Neel Kiran Vibhakar, M.D.)**

26.  Plaintiffs Joan Robinson Lynch, James Mitchell Robinson, Janet Robinson Stern, and to the Use of Plaintiff Patricia Rhodes Robinson individually reallege and incorporate by reference paragraphs one through sixteen into this count as though fully set forth herein, and further allege that at all times of which they complain, Defendant Neel Kiran Vibhakar, M.D. was licensed to practice medicine in the State of Maryland and represented to the public and

Emory Mitchell Robinson possession of that degree of skill, knowledge and ability ordinarily possessed by reasonably competent medical doctors practicing the medical specialty of emergency medicine.

27.   As the supervising physician to physician's assistant Michael Joseph Davis, PA-C, pursuant to COMAR Sec. 10.32.03.07, Defendant Neel Kiran Vibhakar, M.D. is responsible for any medical acts performed by Michael Joseph Davis, PA-C, who owed a duty to Emory Mitchell Robinson and those other patients who came under his care, to exercise the degree of care, skill and judgment ordinarily expected of a reasonably competent physician's assistant of the same or similar specialty acting in the same or similar circumstances; that duty included properly monitoring, attending to, informing, warning, examining, diagnosing, treating, prescribing, referring, consulting upon and administering to patients who might submit to his care.

28.  On or about November 11, 2017, Emory Mitchell Robinson came under the medical care of Defendant Neel Kiran Vibhakar, M.D.'s supervisee, Michael Joseph Davis PA-C.

29.  Michael Joseph Davis, PA-C deviated from the accepted standards of medical care by failing to provide appropriate care and treatment for Emory Mitchell Robinson, including failure to accurately diagnose, treat, examine, manage, follow up, inform and warn Emory Mitchell Robinson about the true nature of his medical condition and the risks associated with it, failure to properly diagnose Emory Mitchell Robinson's spinal fracture and other pathologic abnormalities, and otherwise failing to appropriately and adequately diagnose and treat Emory Mitchell Robinson.

30.  By breaching the aforementioned duties, Michael Joseph Davis, PA-C was negligent in the care, diagnosis, and treatment recommendations he provided to Emory Mitchell Robinson.

31.  As a direct and proximate result of Michael Joseph Davis, PA-C's negligence, Emory Mitchell Robinson died on January 19, 2018.

32.  As a further direct and proximate result of the negligence of Michael Joseph Davis, PA-C, Plaintiffs Joan Robinson Lynch, James Mitchell Robinson, Janet Robinson Stern, and to the Use of Plaintiff Patricia Rhodes Robinson have sustained pecuniary loss, mental anguish, emotional pain and suffering, loss of society, loss of companionship, loss of marital care, loss of parental care, loss of financial support, loss of comfort, loss of protection, loss of filial care, loss of attention, loss of advice, loss of counsel, loss of training, loss of guidance, and loss of education.

33.  All of the injuries, damages and losses claimed herein were directly the result of the medical negligence, carelessness, unskillfulness of Michael Joseph Davis, PA-C, who 1) did not conduct himself in a competent and skillful manner; 2) failed to exercise the degree of skill and care necessary under the circumstances; 3) departed from generally accepted medical practices, procedures and diagnostic standards of care; and 4) was otherwise careless, reckless and negligent.

WHEREFORE, the Plaintiffs demand judgment in their favor and against Defendant Neel Kiran Vibhakar, M.D. in the amount of Three Million Dollars ($3,000,000.00) plus interest, costs and such other and further relief as this Honorable Court deems proper.

<u>COUNT III</u>

Plaintiffs Joan Robinson Lynch, James Mitchell Robinson, Janet Robinson Stern, and
To the Use of Plaintiff Patricia Rhodes Robinson

**(Wrongful Death –Defendant Jonathan C. Wendell, M.D.)**

34.  Plaintiffs Joan Robinson Lynch, James Mitchell Robinson, Janet Robinson Stern, and to the Use of Plaintiff Patricia Rhodes Robinson individually reallege and incorporate by reference paragraphs one through sixteen into this count as though fully set forth herein, and further allege that at all times of which they complain, Defendant Jonathan C. Wendell, M.D. was licensed to practice medicine in the State of Maryland and represented to the public and Emory Mitchell Robinson possession of that degree of skill, knowledge and ability ordinarily possessed by reasonably competent medical doctors practicing the medical specialty of emergency medicine.

35.  Defendant Jonathan C. Wendell, M.D. owed a duty to Emory Mitchell Robinson, and those other patients who came under his care, to exercise the degree of care, skill and judgment ordinarily expected of a reasonably competent medical doctor of the same or similar specialty acting in the same or similar circumstances; that duty included properly monitoring, attending to, informing, warning, examining, diagnosing, treating, prescribing, referring, consulting upon and administering to patients who might submit to his care and professional diagnostic analysis.

36.  On or about November 11, 2017, Emory Mitchell Robinson came under the medical care of Defendant Jonathan C. Wendell, M.D., who was acting individually and as the on-site supervising physician of Michael Joseph David, PA-C.

37.  Defendant Jonathan C. Wendell, M.D. deviated from the accepted standards of

medical care by failing to provide appropriate care and treatment for Emory Mitchell Robinson, including failure to accurately diagnose, treat, examine, manage, follow up, inform and warn Emory Mitchell Robinson about the true nature of his medical condition and the risks associated with it, failure to properly diagnose Emory Mitchell Robinson's spinal fracture and other pathologic abnormalities, and otherwise failing to appropriately and adequately diagnose and treat Emory Mitchell Robinson.

38.  By breaching the aforementioned duties, Defendant Jonathan C. Wendell, M.D. was negligent in the care diagnosis and treatment recommendations he provided to Emory Mitchell Robinson.

39.  As a direct and proximate result of Defendant Jonathan C. Wendell, M.D.'s negligence, Emory Mitchell Robinson died on January 19, 2018.

40.  As a further direct and proximate result of the negligence of Defendant Jonathan C. Wendell, M.D., Plaintiffs Joan Robinson Lynch, James Mitchell Robinson, Janet Robinson Stern, and to the Use of Plaintiff Patricia Rhodes Robinson have sustained pecuniary loss, mental anguish, emotional pain and suffering, loss of society, loss of companionship, loss of marital care, loss of parental care, loss of financial support, loss of comfort, loss of protection, loss of filial care, loss of attention, loss of advice, loss of counsel, loss of training, loss of guidance, and loss of education.

41.  All of the injuries, damages and losses claimed herein were directly the result of the medical negligence, carelessness, unskillfulness of Defendant Jonathan C. Wendell, M.D., who 1) did not conduct himself in a competent and skillful manner; 2) failed to exercise the degree of skill and care necessary under the circumstances; 3) departed from generally accepted medical

practices, procedures and diagnostic standards of care; and 4) was otherwise careless, reckless and negligent.

WHEREFORE, the Plaintiffs demand judgment in their favor and against Defendant Jonathan C. Wendell, M.D. in the amount of Three Million Dollars ($3,000,000.00) plus interest, costs and such other and further relief as this Honorable Court deems proper.

<u>COUNT IV</u>

Plaintiffs Joan Robinson Lynch, James Mitchell Robinson, Janet Robinson Stern, and
To the Use of Plaintiff Patricia Rhodes Robinson

**(Wrongful Death –  Michael Joseph Davis, PA-C)**

42.  Plaintiffs Joan Robinson Lynch, James Mitchell Robinson, Janet Robinson Stern, and to the Use of Plaintiff Patricia Rhodes Robinson individually reallege and incorporate by reference paragraphs one through sixteen into this count as though fully set forth herein, and further allege that at all times of which they complain, Michael Joseph Davis, PA-C was a physician's assistant licensed to practice medicine in the State of Maryland and represented to the public and Emory Mitchell Robinson possession of that degree of skill, knowledge and ability ordinarily possessed by reasonably competent physician's assistants practicing in the emergency room setting.

43.  Michael Joseph Davis, PA-C owed a duty to Emory Mitchell Robinson, and those other patients who came under his care to exercise the degree of care, skill and judgment ordinarily expected of a reasonably competent physician's assistant of the same or similar specialty acting in the same or similar circumstances; that duty included properly monitoring, attending to, informing, warning, examining, diagnosing, treating, prescribing, referring, consulting upon and administering to patients who might submit to his care.

44.  On or about November 11, 2017, Emory Mitchell Robinson came under the care of Michael Joseph Davis PA-C.

45.  Michael Joseph Davis PA-C deviated from the accepted standards of medical care by failing to provide appropriate care and treatment for Emory Mitchell Robinson, including failure to accurately treat, examine, manage, follow up, inform, and warn Emory Mitchell Robinson about the true nature of his medical condition and the risks associated with it, failure to properly diagnose Emory Mitchell Robinson's spinal fracture and other pathologic abnormalities, and otherwise failing to appropriately and adequately diagnose and treat Emory Mitchell Robinson.

46.  By breaching the aforementioned duties, Michael Joseph Davis PA-C was negligent in the care diagnosis and treatment recommendations she gave to Emory Mitchell Robinson.

47.  As a direct and proximate result of Michael Joseph Davis PA-C's negligence, Emory Mitchell Robinson died on January 19, 2018.

48.  As a further direct and proximate result of the negligence of Michael Joseph Davis PA-C, Plaintiffs Joan Robinson Lynch, James Mitchell Robinson, Janet Robinson Stern, and to the Use of Plaintiff Patricia Rhodes Robinson have sustained pecuniary loss, mental anguish, emotional pain and suffering, loss of society, loss of companionship, loss of marital care, loss of parental care, loss of financial support, loss of comfort, loss of protection, loss of filial care, loss of attention, loss of advice, loss of counsel, loss of training, loss of guidance, and loss of education.

49.  All of the injuries, damages and losses claimed herein were directly the result of the medical negligence, carelessness, unskillfulness of Michael Joseph Davis PA-C, who 1) did not conduct himself in a competent and skillful manner; 2) failed to exercise the degree of skill and

care necessary under the circumstances; 3) departed from generally accepted medical practices, procedures and diagnostic standards of care; and 4) was otherwise careless, reckless and negligent.

WHEREFORE, the Plaintiffs demand judgment in their favor and against Defendant Michael Joseph Davis, PA-C in the amount of Three Million Dollars ($3,000,000.00) plus interest, costs and such other and further relief as this Honorable Court deems proper.

<u>COUNT V</u>

Plaintiff The Estate of Emory Mitchell Robinson

**(Survivorship Medical Negligence -
Defendant Christina Jane Bennett-Fee, M.D.)**

50.  Plaintiff The Estate of Emory Mitchell Robinson, by and through its Personal Representative, Patricia Rhodes Robinson, individually realleges and incorporates by reference paragraphs one through sixteen into this count as though fully set forth herein, and further allege that at all times of which it complains, Defendant Christina Jane Bennett-Fee, M.D. was licensed to practice medicine in the State of Maryland and represented to the public and Emory Mitchell Robinson possession of that degree of skill, knowledge and ability ordinarily possessed by reasonably competent medical doctors practicing the medical specialty of emergency medicine.

51.  Defendant Christina Jane Bennett-Fee, M.D. owed a duty to Emory Mitchell Robinson, and those other patients who came under her care, to exercise the degree of care, skill and judgment ordinarily expected of a reasonably competent medical doctor of the same or similar specialty acting in the same or similar circumstances; that duty included properly monitoring, attending to, informing, warning, examining, diagnosing, treating, prescribing,

referring, consulting upon and administering to patients who might submit to her care and professional diagnostic analysis.

52.  On or about November 11, 2017, Emory Mitchell Robinson came under the medical care of Defendant Christina Jane Bennett-Fee, M.D., who was acting individually and as the on-site supervising physician of Michael Joseph David, PA-C.

53.  Defendant Christina Jane Bennett-Fee, M.D. deviated from the accepted standards of medical care by failing to provide appropriate care and treatment for Emory Mitchell Robinson, including failure to accurately diagnose, treat, examine, manage, follow up, inform and warn Emory Mitchell Robinson about the true nature of his medical condition and the risks associated with it, failure to properly diagnose Emory Mitchell Robinson's spinal fracture and other pathologic abnormalities, and otherwise failing to appropriately and adequately diagnose and treat Emory Mitchell Robinson.

54.  By breaching the aforementioned duties, Defendant Christina Jane Bennett-Fee, M.D. was negligent in the care diagnosis and treatment recommendations she provided to Emory Mitchell Robinson.

55.  As a direct and proximate result of Defendant Christina Jane Bennett-Fee, M.D.'s negligence, Emory Mitchell Robinson suffered bodily injuries that caused him to, among other things, experience:  physical and emotional pain and discomfort; severe shocks to his nerves and nervous system; mental anguish; nervousness and anxiety over future consequences up until and ending at the time of his presentation and admittance at Ascension St. Vincent's Riverside in Jacksonville Florida on November 12, 2017.

56.  All of the injuries, damages and losses which occurred to Emory Mitchell Robinson up until and ending at the time of his presentation to Ascension St. Vincent's Riverside in Jacksonville, Florida were directly the result of the medical negligence, carelessness, unskillfulness of Defendant Christina Jane Bennett-Fee, M.D., who 1) did not conduct herself in a competent and skillful manner; 2) failed to exercise the degree of skill and care necessary under the circumstances; 3) departed from generally accepted medical practices, procedures and diagnostic standards of care; and 4) was otherwise careless, reckless and negligent.

WHEREFORE, the Plaintiffs demand judgment in their favor and against Defendant Christina Jane Bennett-Fee M.D. in the amount of Three Million Dollars ($3,000,000.00) plus interest, costs and such other and further relief as this Honorable Court deems proper.

## COUNT VI

Plaintiff The Estate of Emory Mitchell Robinson

### (Survivorship Medical Negligence – Defendant Neel Kiran Vibhakar, M.D.)

57.  Plaintiff The Estate of Emory Mitchell Robinson, by and through its Personal Representative, Patricia Rhodes Robinson, individually realleges and incorporates by reference paragraphs one through sixteen into this count as though fully set forth herein, and further allege that Defendant Neel Kiran Vibhakar, M.D. was licensed to practice medicine in the State of Maryland and represented to the public and Emory Mitchell Robinson possession of that degree of skill, knowledge and ability ordinarily possessed by reasonably competent medical doctors practicing the medical specialty of emergency medicine.

58.  As the supervising physician to physician's assistant Michael Joseph Davis, PA-C, pursuant to COMAR Sec. 10.32.03.07, Defendant Neel Kiran Vibhakar, M.D. is responsible for any medical acts performed by Michael Joseph Davis, PA-C, who owed a duty to Emory

Mitchell Robinson and those other patients who came under his care, to exercise the degree of care, skill and judgment ordinarily expected of a reasonably competent physician's assistant of the same or similar specialty acting in the same or similar circumstances; that duty included properly monitoring, attending to, informing, warning, examining, diagnosing, treating, prescribing, referring, consulting upon and administering to patients who might submit to his care.

59.  On or about November 11, 2017, Emory Mitchell Robinson came under the medical care of Defendant Neel Kiran Vibhakar, M.D.'s supervisee, Michael Joseph Davis PA-C.

60.  Michael Joseph Davis, PA-C deviated from the accepted standards of medical care by failing to provide appropriate care and treatment for Emory Mitchell Robinson, including failure to accurately diagnose, treat, examine, manage, follow up, inform, and warn Emory Mitchell Robinson about the true nature of his medical condition and the risks associated with it, failure to properly diagnose Emory Mitchell Robinson's spinal fracture and other pathologic abnormalities, and otherwise failing to appropriately and adequately diagnose and treat Emory Mitchell Robinson.

61.  By breaching the aforementioned duties, Michael Joseph Davis, PA-C was negligent in the care, diagnosis, and treatment recommendations he provided to Emory Mitchell Robinson.

62.  As a direct and proximate result of Michael Joseph Davis, PA-C's negligence, Emory Mitchell Robinson suffered bodily injuries that caused him to, among other things, experience: physical and emotional pain and discomfort; severe shocks to his nerves and nervous system; mental anguish; nervousness and anxiety over future consequences up until  and ending at the time

of his presentation and admittance at Ascension St. Vincent's Riverside in Jacksonville Florida on November 12, 2017.

63.  All of the injuries, damages and losses which occurred to Emory Mitchell Robinson up until and ending at the time of his presentation to Ascension St. Vincent's Riverside in Jacksonville, Florida were directly the result of the medical negligence, carelessness, unskillfulness of Defendant Christina Jane Bennett-Fee, M.D., who 1) did not conduct herself in a competent and skillful manner; 2) failed to exercise the degree of skill and care necessary under the circumstances; 3) departed from generally accepted medical practices, procedures and diagnostic standards of care; and 4) was otherwise careless, reckless and negligent.

WHEREFORE, the Plaintiffs demand judgment in their favor and against Defendant Neel Kiran Vibhakar, M.D. in the amount of Three Million Dollars ($3,000,000.00) plus interest, costs and such other and further relief as this Honorable Court deems proper.

**<u>COUNT VII</u>**

Plaintiff The Estate of Emory Mitchell Robinson

**(Survivorship Medical Negligence - Defendant Jonathan C. Wendell, M.D.)**

64.  Plaintiff The Estate of Emory Mitchell Robinson, by and through its Personal Representative, Patricia Rhodes Robinson, individually realleges and incorporates by reference paragraphs one through sixteen into this count as though fully set forth herein, and further allege that at all times of which it complains, Defendant Jonathan C. Wendell, M.D. was licensed to practice medicine in the State of Maryland and represented to the public and Emory Mitchell Robinson possession of that degree of skill, knowledge and ability ordinarily possessed by reasonably competent medical doctors practicing the medical specialty of emergency medicine.

65.   Defendant Jonathan C. Wendell, M.D. owed a duty to Emory Mitchell Robinson, and those other patients who came under his care, to exercise the degree of care, skill and judgment ordinarily expected of a reasonably competent medical doctor of the same or similar specialty acting in the same or similar circumstances; that duty included properly monitoring, attending to, informing, warning, examining, diagnosing, treating, prescribing, referring, consulting upon and administering to patients who might submit to his care and professional diagnostic analysis.

66.   On or about November 11, 2017, Emory Mitchell Robinson came under the medical care of Defendant Jonathan C. Wendell, M.D., who was acting individually and as the on-site supervising physician of Michael Joseph David, PA-C.

67.   Defendant Jonathan C. Wendell, M.D. deviated from the accepted standards of medical care by failing to provide appropriate care and treatment for Emory Mitchell Robinson, including failure to accurately diagnose, treat, examine, manage, follow up, inform and warn Emory Mitchell Robinson about the true nature of his medical condition and the risks associated with it, failure to properly diagnose Emory Mitchell Robinson's spinal fracture and other pathologic abnormalities, and otherwise failing to appropriately and adequately diagnose and treat Emory Mitchell Robinson.

68.   By breaching the aforementioned duties, Defendant Jonathan C. Wendell, M.D. was negligent in the care diagnosis and treatment recommendations he provided to Emory Mitchell Robinson.

69.   As a direct and proximate result of Defendant Jonathan C. Wendell, M.D.'s negligence, Emory Mitchell Robinson suffered bodily injuries that caused him to, among other

things, experience:  physical and emotional pain and discomfort; severe shocks to his nerves and nervous system; mental anguish; nervousness and anxiety over future consequences up until and ending at the time of his presentation and admittance at Ascension St. Vincent's Riverside in Jacksonville Florida on November 12, 2017.

70.  All of the injuries, damages and losses which occurred to Emory Mitchell Robinson up until and ending at the time of his presentation to Ascension St. Vincent's Riverside in Jacksonville, Florida were directly the result of the medical negligence, carelessness, unskillfulness of Defendant Jonathan C. Wendell, M.D., who 1) did not conduct himself in a competent and skillful manner; 2) failed to exercise the degree of skill and care necessary under the circumstances; 3) departed from generally accepted medical practices, procedures and diagnostic standards of care; and 4) was otherwise careless, reckless and negligent.

WHEREFORE, the Plaintiffs demand judgment in their favor and against Defendant Jonathan C. Wendell, M.D. in the amount of Three Million Dollars ($3,000,000.00) plus interest, costs and such other and further relief as this Honorable Court deems proper.

COUNT VIII

Plaintiff The Estate of Emory Mitchell Robinson

**(Survivorship Medical Negligence - Michael Joseph Davis, PA-C.)**

71.  Plaintiff The Estate of Emory Mitchell Robinson, by and through its Personal Representative, Patricia Rhodes Robinson, individually realleges and incorporates by reference paragraphs one through sixteen into this count as though fully set forth herein, and further allege that at all times of which it complains, Michael Joseph Davis, PA-C was licensed as a physician's assistant in the State of Maryland and represented to the public and Emory Mitchell

Robinson possession of that degree of skill, knowledge and ability ordinarily possessed by reasonably competent physician's assistants practicing in the emergency room setting.

72.   Michael Joseph Davis, PA-C owed a duty to Emory Mitchell Robinson, and those other patients who came under her care, to exercise the degree of care, skill and judgment ordinarily expected of a reasonably competent physician's assistant of the same or similar specialty acting in the same or similar circumstances; that duty included properly monitoring, attending to, informing, warning, examining, diagnosing, treating, prescribing, referring, consulting upon and administering to patients who might submit to her care and professional diagnostic analysis.

73.   On or about November 11, 2017, Emory Mitchell Robinson came under the care of Michael Joseph Davis, PA-C.

74.   Michael Joseph Davis, PA-C deviated from the accepted standards of medical care by failing to provide appropriate care and treatment for Emory Mitchell Robinson, including failure to accurately diagnose, treat, examine, manage, follow up, inform, and warn Emory Mitchell Robinson about the true nature of his medical condition and the risks associated with it, failure to properly diagnose Emory Mitchell Robinson's spinal fracture and other pathologic abnormalities, and otherwise failing to appropriately and adequately diagnose and treat Emory Mitchell Robinson.

75.   By breaching the aforementioned duties, Michael Joseph Davis, PA-C was negligent in the care diagnosis and treatment recommendations he provided to Emory Mitchell Robinson.

76.   As a direct and proximate result of Michael Joseph Davis, PA-C's negligence, Emory Mitchell Robinson suffered bodily injuries that caused him to, among other things, experience:

physical and emotional pain and discomfort; severe shocks to his nerves and nervous system; mental anguish; nervousness and anxiety over future consequences up until and ending at the time of his presentation and admittance at Ascension St. Vincent's Riverside in Jacksonville Florida on November 12, 2017.

77.   All of the injuries, damages and losses which occurred to Emory Mitchell Robinson up until and ending at the time of his presentation to Ascension St. Vincent's Riverside in Jacksonville, Florida were directly the result of the medical negligence, carelessness, unskillfulness of Michael Joseph Davis, PA-C, who 1) did not conduct himself in a competent and skillful manner; 2) failed to exercise the degree of skill and care necessary under the circumstances; 3) departed from generally accepted medical practices, procedures and diagnostic standards of care; and 4) was otherwise careless, reckless and negligent.

WHEREFORE, the Plaintiffs demand judgment in their favor and against Defendant Michael Joseph Davis, PA-C in the amount of Three Million Dollars ($3,000,000.00) plus interest, costs and such other and further relief as this Honorable Court deems proper.

<u>COUNT IX</u>

Plaintiffs Joan Robinson Lynch, James Mitchell Robinson, Janet Robinson Stern, and
To the Use of Plaintiff Patricia Rhodes Robinson
and Plaintiff The Estate of Emory Mitchell Robinson

**(Imputed Negligence/Respondeat Superior-
Survivorship Medical Negligence and Wrongful Death - Defendant:  Baltimore Washington
Emergency Physicians, Inc.)**

78.   Plaintiffs Joan Robinson Lynch, James Mitchell Robinson, Janet Robinson Stern, and to the Use of Plaintiff Patricia Rhodes Robinson and Plaintiff The Estate of Emory Mitchell Robinson, by and through its Personal Representative, Patricia Rhodes Robinson, individually reallege and incorporate by reference paragraphs one through seventy-six into this count as

though fully set forth herein, and further allege that at all times of which they complain that while rendering care  to Emory Mitchell Robinson, Michael Joseph Davis, PA-C, was acting as an agent, servant, and/or employee and to the benefit and furtherance of the interests of her principal and/or employer Defendant Baltimore Washington Emergency Physicians, Inc.

79.   That at all times of which they complain that while rendering care to Emory Mitchell Robinson, and while acting as supervising physicians to Michael Joseph Davis, PA-C while he was rendering care to Emory Mitchell Robinson, Defendants Christina Jane Bennett-Fee, M.D., Defendant Jonathan C. Wendell, M.D. and by delegation agreement, Defendant Neel Kiran Vibhakar, M.D. and others were acting as agents, servants, and/or employees and to the benefit and furtherance of the interests of their principal and/or employer Defendant Baltimore Washington Emergency Physicians, Inc.

80.   As the principal and/or employer of Michael Joseph Davis, PA-C, Defendants Christina Jane Bennett-Fee, M.D., Jonathan C. Wendell, M.D., and Neel Kiran Vibhakar, M.D. and others, Defendant Baltimore Washington Emergency Physicians, Inc. is responsible for all negligent acts committed by them in the performance of their respective agency and/or within the scope of their employment as well as the injuries and damages that Plaintiffs Joan Robinson Lynch, James Mitchell Robinson, Janet Robinson Stern, and to the Use of Plaintiff Patricia Rhodes Robinson sustained as a direct and proximate result of these negligent acts and wrongful death of Emory Mitchell Robinson which are fully incorporated herein by reference.

WHEREFORE, the Plaintiffs demand judgment in their favor and against Defendant Baltimore Washington Emergency Physicians, Inc. in the amount of Three Million Dollars ($3,000,000.00) plus interest, costs and such other and further relief as this Honorable Court deems proper.

**COUNT X**

Plaintiffs Joan Robinson Lynch, James Mitchell Robinson, Janet Robinson Stern, and
To the Use of Plaintiff Patricia Rhodes Robinson
**(Wrongful Death –Defendant Baltimore Washington Medical Center, Inc.)**

81.  Plaintiffs Joan Robinson Lynch, James Mitchell Robinson, Janet Robinson Stern, and to the Use of Plaintiff Patricia Rhodes Robinson individually reallege and incorporate by reference all prior paragraphs of this complaint as if fully set forth herein, and further alleges that at all times of which they complain, Healthcare Provider Baltimore Washington Medical Center, Inc. owned, operated, and/or managed University of Maryland Baltimore Washington Medical Center, a hospital located at 301 Hospital Drive, Glen Burnie, Maryland 21061 and represented to the public and Emory Mitchell Robinson that degree of skill, knowledge, ability and care ordinarily possessed by reasonably competent hospital providing medical services in the area of emergency medicine and radiology and the complications that can result therefrom.

82.  On or about November 11, 2017, Emory Mitchell Robinson came under the care of Healthcare Provider Baltimore Washington Medical Center, Inc., Defendant Christina Jane Bennett-Fee, M.D., Defendant Jonathan C. Wendell, M.D., Defendant Neel Kiran Vibhakar, M.D., and Michael Joseph Davis, PA-C, , who was Defendant Neel Kiran Vibhakar's supervisee, Emory Robinson was seen at University of Maryland Baltimore Washington Medical Center was examined, had diagnostic studies, taken, and was later discharged.

83.  Healthcare Provider Baltimore Washington Medical Center, Inc. owed a non-delegable duty to Emory Mitchell Robinson to exercise the degree of care, skill and judgment ordinarily expected of a reasonably competent hospital acting in the same or similar circumstances; that duty included: properly monitoring; attending to; informing; warning; examining; diagnosing; treating; properly ordering and interpreting diagnostic studies; properly

ordering adequate diagnostic studies; operating upon; referring; consulting upon; appropriately responding to results of laboratory tests; setting forth hospital policies and procedures to assure that patients in dire medical need be appropriately informed of their medical condition and receive proper and timely treatment for their medical condition; setting forth hospital policies and procedures to assure that patient orders are carried out, failing to adhere to the regulations of the Joint Commission on Accreditation of Healthcare Organizations; and/or failing to adhere to the regulations set forth in the Code of Federal Regulations:  42 C.F.R. §482.12 & §482.55.

84.   The actions of Physician's Assistant Michael Joseph Davis, PA-C and Defendant Christina Jane Bennett-Fee, M.D., Defendant Jonathan C. Wendell, M.D. and other medical providers including nurses and staff and the imputed negligent act that as Michael Joseph Davis, PA-C's supervising physician Health Care Neel Kiran Vibhakar, M.D. and others Defendant Baltimore Washington Medical Center, Inc. are encompassed by the legal responsibilities and duties set forth in the Code of Federal Regulations:  42 C.F.R. §482.12 & §482.55.

85.   Healthcare Provider Baltimore Washington Medical Center, Inc. breached its a non-delegable duty to provide Emory Mitchell Robinson with non-negligent care pursuant to Code of Federal Regulations:  42 C.F.R. §482.12 & §482.55. through its own actions and the actions of Physician's Assistant Michael Joseph Davis, PA-C and Defendant Christina Jane Bennett-Fee, M.D., Defendant Jonathan C. Wendell, M.D. and Defendant Neel Kiran Vibhakar, M.D. and other medical providers including nurses and staff who diagnosed and treated Emory Mitchell Robinson while he was under these providers individual and respective care when through it and their medical negligence, carelessness, unskillfulness directly and proximately caused the pre-mature wrongful death of Emory Mitchell Robinson by: 1) not conducting itself and themselves in a competent and skillful manner; 2) failing to exercise the degree of skill and care necessary

under the circumstances; 3) departing from generally accepted medical practices, procedures and diagnostic standards of care; and 4) was otherwise being careless, reckless and negligent.

86.   As a further direct and proximate result of the negligence of Defendant Baltimore Washington Medical Center, Inc. and those previously mentioned providers of care that it is directly responsible, Plaintiffs Joan Robinson Lynch, James Mitchell Robinson, Janet Robinson Stern, and to the Use of Plaintiff Patricia Rhodes Robinson have sustained pecuniary loss, mental anguish, emotional pain and suffering, loss of society, loss of companionship, loss of marital care, loss of parental care, loss of financial support, loss of comfort, loss of protection, loss of filial care, loss of attention, loss of advice, loss of counsel, loss of training, loss of guidance, and loss of education.

WHEREFORE, the Plaintiffs demand judgment in their favor and against Defendant Baltimore Washington Medical Center, Inc. in the amount of Three Million Dollars ($3,000,000.00) plus interest, costs and such other and further relief as this Honorable Court deems proper.

<u>COUNT XI</u>

Plaintiff The Estate of Emory Mitchell Robinson
**(Survivorship Medical Negligence – Baltimore Washington Medical Center, Inc.)**

87.   Plaintiff The Estate of Emory Mitchell Robinson, by and through its personal Representative, Patricia Rhodes Robinson, individually realleges and incorporates by reference all prior paragraphs of this complaint as if fully set forth herein, and further alleges that at all times of which it complains, Healthcare Provider Baltimore Washington Medical Center, Inc. owned, operated, and/or managed, University of Maryland Baltimore Washington Medical Center, a hospital located at 301 Hospital Drive, Glen Burnie, Maryland 21061 and represented

to the public and Emory Mitchell Robinson that degree of skill, knowledge, ability and care ordinarily possessed by reasonably competent hospital providing medical services in the area of emergency medicine and radiology and the complications that can result therefrom.

88. On or about November 11, 2017, Emory Mitchell Robinson came under the care of Healthcare Provider Baltimore Washington Medical Center, Inc., Defendant Christina Jane Bennett-Fee, M.D., Defendant Jonathan C. Wendell, M.D., Defendant Neel Kiran Vibhakar, M.D. and Michael Joseph Davis, PA-C, Defendant, who was Defendant Neel Kiran Vibhakar's supervisee, Emory Robinson was seen at University of Maryland Baltimore Washington Medical Center was examined, had diagnostic studies, taken, and was later discharged.

89. Healthcare Provider Baltimore Washington Medical Center, Inc. owed a non-delegable duty to Emory Mitchell Robinson to exercise the degree of care, skill and judgment ordinarily expected of a reasonably competent hospital acting in the same or similar circumstances; that duty included: properly monitoring; attending to; informing; warning; examining; diagnosing; treating; properly ordering and interpreting diagnostic studies; properly ordering adequate diagnostic studies; operating upon; referring; consulting upon; appropriately responding to results of laboratory tests; setting forth hospital policies and procedures to assure that patients in dire medical need be appropriately informed of their medical condition and receive proper and timely treatment for their medical condition; setting forth hospital policies and procedures to assure that patient orders are carried out, failing to adhere to the regulations of the Joint Commission on Accreditation of Healthcare Organizations; and/or failing to adhere to the regulations set forth in the Code of Federal Regulations:  42 C.F.R. §482.12 & §482.55.

90. The actions of Physician's Assistant Michael Joseph Davis, PA-C and Defendant Christina Jane Bennett-Fee, M.D., Defendant Jonathan C. Wendell, M.D. and other medical

providers including nurses and staff and the imputed negligent act that as Michael Joseph Davis,

PA-C's supervising physician Health Care Neel Kiran Vibhakar, M.D. and others Defendant

Baltimore Washington Medical Center, Inc. are encompassed by the legal responsibilities and

duties set forth in the Code of Federal Regulations:  42 C.F.R. §482.12 & §482.55.

91.   Healthcare Provider Baltimore Washington Medical Center, Inc. breached its a non-

delegable duty to provide Emory Mitchell Robinson with non-negligent care pursuant to Code of

Federal Regulations:  42 C.F.R. §482.12 & §482.55. through its own actions and the actions of

Physician's Assistant Michael Joseph Davis, PA-C and Defendants Christina Jane Bennett-Fee,

M.D., Jonathan C. Wendell, M.D. and Neel Kiran Vibhakar, M.D. and other medical providers

including nurses and staff who diagnosed and treated Emory Mitchell Robinson while he was under

these providers individual and respective care when through it and their medical negligence,

carelessness, unskillfulness directly and proximately caused Emory Mitchell Robinson to, among

other things, experience:  physical and emotional pain and discomfort; severe shocks to his nerves

and nervous system; mental anguish; nervousness and anxiety over future consequences up until

and ending at the time of his presentation and admittance at Ascension St. Vincent's Riverside in

Jacksonville Florida on November 12, 2017 by: 1) not conducting itself and themselves in a

competent and skillful manner; 2) failing to exercise the degree of skill and care necessary under

the circumstances; 3) departing from generally accepted medical practices, procedures and

diagnostic standards of care; and 4) was otherwise being careless, reckless and negligent.

WHEREFORE, the Plaintiffs demand judgment in their favor and against Defendant

Baltimore Washington Medical Center, Inc. in the amount of Three Million Dollars

($3,000,000.00) plus interest, costs and such other and further relief as this Honorable Court

deems proper.

## COUNT XII

Plaintiffs Joan Robinson Lynch, James Mitchell Robinson, Janet Robinson Stern, and To the Use
of Plaintiff Patricia Rhodes Robinson and
The Estate of Emory Mitchell Robinson

**(In the Alternative:  Ostensible Agency/Apparent Agency - Survivorship Medical
Negligence and Wrongful Death – Defendant Baltimore Washington Medical Center, Inc.)**

92.  Plaintiffs Joan Robinson Lynch, James Mitchell Robinson, Janet Robinson Stern, and

to the Use of Plaintiff Patricia Rhodes Robinson and The Estate of Emory Mitchell Robinson, by

and through its Personal Representative, Patricia Rhodes Robinson, individually realleges and

incorporates by reference paragraphs one through ninety into this count as though fully set forth

herein, and further allege that at all times of which she complains, that appearances created by

Defendant Baltimore Washington Medical Center, Inc. misled the Plaintiff into believing that it

controlled, managed and/or employed Michael Joseph Davis, PA-C, Defendant Christina Jane

Bennett-Fee, M.D., Defendant Jonathan C. Wendell, M.D. and other medical providers including

doctors, nurses, and staff who, provided medical care to Emory Mitchell Robinson while he were

being treated at the University of Maryland Baltimore Washington Medical Center.

93. Emory Mitchell Robinson's beliefs, set forth in the foregoing paragraph,

were objectively reasonable under all the circumstances.

94.  At all times herein mentioned, Emory Mitchell Robinson relied upon the

above mentioned belief in making her decision to have Michael Joseph Davis, PA-C, Defendant

Christina Jane Bennett-Fee, M.D., Defendant Jonathan C. Wendell, M.D., and other medical

providers including doctors, nurses, and staff provide him medical care and treatment while he was

being treated at University of Maryland Baltimore Washington Medical Center.

95.  The negligent acts of Defendants Michael Joseph Davis, PA-C, Defendant Christina

Jane Bennett-Fee, M.D., Defendant Jonathan C. Wendell, M.D. and other medical providers

including doctors, nurses, and staff who provided medical care to Emory Mitchell Robinson while he was being treated at University of Maryland Baltimore Washington Medical Center (incorporated herein by reference) were committed while each was acting as an apparent and/or ostensible agent and/or employee of Defendant Baltimore Washington Medical Center, Inc.

96.  These negligent acts, injuries and damage until the time and ending at the time he presented at Ascension St. Vincent's Riverside in Jacksonville Florida on November 12, 2017 and his later pre-mature wrongful death were apparently and/or ostensibly carried out to the benefit and furtherance of the interests of Defendants Michael Joseph Davis, PA-C, Defendant Christina Jane Bennett-Fee, M.D., Defendant Jonathan C. Wendell, M.D. and other medical providers including doctors, nurses, and staffs' apparent and/or ostensible principal and/or employer Defendant Baltimore Washington Medical Center, Inc.

97.  As Michael Joseph Davis, PA-C and Defendant Christina Jane Bennett-Fee, M.D., Defendant Jonathan C. Wendell, M.D., and other medical providers  including doctors, nurses, and staffs' apparent and/or ostensible principal and/or employer, Defendant Baltimore Washington Medical Center, Inc. is responsible for all negligent acts committed by each of them in the performance of each of their apparent and/or ostensible agency and/or within the scope of each of their apparent and/or ostensible employment, as well as the injuries and damages (which are fully incorporated herein by reference) and pre-mature wrongful death that Emory Mitchell Robinson sustained as a direct and proximate result of these negligent acts.

WHEREFORE, the Plaintiffs demand judgment in their favor and against Defendant Baltimore Washington Emergency Physicians,  Inc. in the amount of Three Million Dollars ($3,000,000.00) plus interest, costs and such other and further relief as this Honorable Court deems proper.

## COUNT XIII

Plaintiffs Joan Robinson Lynch, James Mitchell Robinson, Janet Robinson Stern, and
To the Use of Plaintiff Patricia Rhodes Robinson
and Plaintiff The Estate of Emory Mitchell Robinson

**(Breach of the Duty to Obtain Informed Consent- Michael Joseph Davis, PA-C.)**

98.  Plaintiffs Joan Robinson Lynch, James Mitchell Robinson, Janet Robinson Stern, and

to the Use of Plaintiff Patricia Rhodes Robinson and The Estate of Emory Mitchell Robinson,

through its Personal Representative Patricia Rhodes Robinson individually realleges and

incorporates by reference all prior paragraphs of this complaint as if fully set forth herein, and

further alleges that at all times of which they complain, Michael Joseph Davis, PA-C had a duty

to obtain Emory Mitchell Robinson's informed consent.  This duty required Michael Joseph

Davis, PA-C to provide all material information concerning the true nature of his medical

condition. This duty required Michael Joseph Davis, PA-C to disclose every material risk of

negative consequences and known risk of his proposed discharge without having the appropriate

diagnosis and medical treatment he required. A material risk is a risk that would be significant to

a reasonable person who is asked to decide whether to consent to a course of medical treatment.

99.  Michael Joseph Davis, PA-C breached the duty to obtain informed consent because

he failed to explain to Emory Mitchell Robinson the above material risks and consequences of

discharging him without radiological studies that were capable of determining the true nature of

the abnormal pathology of his spine and offering him the option of further studies and or further admission and surgical treatment.

100. Michael Joseph Davis, PA-C failed to obtain informed consent in other respects as well.

101.  Michael Joseph Davis, PA-C 's failure to obtain informed consent was a proximate cause of the Emory Mitchell Robinson's injuries and damages that are fully incorporated herein by reference and his later pre-mature wrongful death.

WHEREFORE, the Plaintiffs demand judgment in their favor and against Defendant Michael Joseph Davis, PA-C in the amount of Three Million Dollars ($3,000,000.00) plus interest, costs and such other and further relief as this Honorable Court deems proper.

<u>COUNT XIV</u>

Plaintiffs Joan Robinson Lynch, James Mitchell Robinson, Janet Robinson Stern, and
To the Use of Plaintiff Patricia Rhodes Robinson
and Plaintiff The Estate of Emory Mitchell Robinson

**(Breach of the Duty to Obtain Informed Consent - Defendant Neel Kiran Vibhakar, M.D.)**

102.  Plaintiffs Joan Robinson Lynch, James Mitchell Robinson, Janet Robinson Stern, and to the Use of Plaintiff Patricia Rhodes Robinson and The Estate of Emory Mitchell Robinson, through its Personal Representative Patricia Rhodes Robinson individually realleges and incorporates by reference all prior paragraphs of this complaint as if fully set forth herein, and further alleges that at all times of which they complain, as the supervising physician to Michael Joseph Davis, PA-C, Defendant Neel Kiran Vibhakar, M.D.. had a duty to obtain Emory Mitchell Robinson's informed consent.

103.  Defendant Neel Kiran Vibhakar, M.D.'s failure to obtain informed consent was a proximate cause of the Emory Mitchell Robinson's injuries and damages that are fully incorporated herein by reference and his later pre-mature wrongful death.

WHEREFORE, the Plaintiffs demand judgment in their favor and against Defendant Neel Kiran Vibhakar, M.D. in the amount of Three Million Dollars ($3,000,000.00) plus interest, costs and such other and further relief as this Honorable Court deems proper.

## COUNT XV

Plaintiffs Joan Robinson Lynch, James Mitchell Robinson, Janet Robinson Stern, and
To the Use of Plaintiff Patricia Rhodes Robinson
and Plaintiff The Estate of Emory Mitchell Robinson

**(Breach of the Duty to Obtain Informed Consent-
Defendant Christina Jane Bennett-Fee, M.D.)**

104.  Plaintiffs Joan Robinson Lynch, James Mitchell Robinson, Janet Robinson Stern, and to the Use of Plaintiff Patricia Rhodes Robinson and The Estate of Emory Mitchell Robinson, through its Personal Representative Patricia Rhodes Robinson individually realleges and incorporates by reference all prior paragraphs of this complaint as if fully set forth herein, and further alleges that at all times of which they complain, Defendant Christina Jane Bennett-Fee, M.D. had a duty to obtain Emory Mitchell Robinson's informed consent.  This duty required Defendant Christina Jane Bennett-Fee, M.D. to provide all material information concerning the true nature of his medical condition. This duty required Defendant Christina Jane Bennett-Fee, M.D. to disclose every material risk of negative consequences and known risk of his proposed discharge without having the appropriate diagnosis and medical treatment he required. A material risk is a risk that would be significant to a reasonable person who is asked to decide whether to consent to a course of medical treatment.

105.  Defendant Christina Jane Bennett-Fee, M.D. breached the duty to obtain informed consent because she failed to explain to Emory Mitchell Robinson the above material risks and consequences of discharging him without radiological studies that were capable of determining the true nature of the abnormal pathology of his spine and offering him the option of further studies and or further admission and surgical treatment.

106.  Defendant Christina Jane Bennett-Fee, M.D. failed to obtain informed consent in other respects as well.

107.  Defendant Christina Jane Bennett-Fee, M.D.'s failure to obtain informed consent was a proximate cause of the Emory Mitchell Robinson's injuries and damages that are fully incorporated herein by reference and his later pre-mature wrongful death.

WHEREFORE, the Plaintiffs demand judgment in their favor and against Defendant Christina Jane Bennett-Fee M.D. in the amount of Three Million Dollars ($3,000,000.00) plus interest, costs and such other and further relief as this Honorable Court deems proper.

<u>COUNT XVI</u>

Plaintiffs Joan Robinson Lynch, James Mitchell Robinson, Janet Robinson Stern, and
To the Use of Plaintiff Patricia Rhodes Robinson
and Plaintiff The Estate of Emory Mitchell Robinson

**(Breach of the Duty to Obtain Informed Consent-
Defendant Jonathan C. Wendell, M.D.)**

108.  Plaintiffs Joan Robinson Lynch, James Mitchell Robinson, Janet Robinson Stern, and to the Use of Plaintiff Patricia Rhodes Robinson and The Estate of Emory Mitchell Robinson, through its Personal Representative Patricia Rhodes Robinson individually realleges and incorporates by reference all prior paragraphs of this complaint as if fully set forth herein, and further alleges that at all times of which they complain, Defendant Jonathan C. Wendell,

M.D. had a duty to obtain Emory Mitchell Robinson's informed consent.  This duty required Defendant Jonathan C. Wendell, M.D. to provide all material information concerning the true nature of his medical condition. This duty required Defendant Jonathan C. Wendell, M.D. to disclose every material risk of negative consequences and known risk of his proposed discharge without having the appropriate diagnosis and medical treatment he required. A material risk is a risk that would be significant to a reasonable person who is asked to decide whether to consent to a course of medical treatment.

109.  Defendant Jonathan C. Wendell, M.D. breached the duty to obtain informed consent because he failed to explain to Emory Mitchell Robinson the above material risks and consequences of discharging him without radiological studies that were capable of determining the true nature of the abnormal pathology of his spine and offering him the option of further studies and or further admission and surgical treatment.

110. Defendant Jonathan C. Wendell, M.D. failed to obtain informed consent in other respects as well.

111.  Defendant Jonathan C. Wendell, M.D.'s failure to obtain informed consent was a proximate cause of the Emory Mitchell Robinson's injuries and damages that are fully incorporated herein by reference and his later pre-mature wrongful death.

WHEREFORE, the Plaintiffs demand judgment in their favor and against Defendant Jonathan C. Wendell, M.D. in the amount of Three Million Dollars ($3,000,000.00) plus interest, costs and such other and further relief as this Honorable Court deems proper.

<u>COUNT XVII</u>

Plaintiffs Joan Robinson Lynch, James Mitchell Robinson, Janet Robinson Stern, and
To the Use of Plaintiff Patricia Rhodes Robinson
and Plaintiff The Estate of Emory Mitchell Robinson

**(Breach of the Duty to Obtain Informed Consent-
Defendant Baltimore Washington Medical Center, Inc.)**

112.  Plaintiffs Joan Robinson Lynch, James Mitchell Robinson, Janet Robinson Stern, and to the Use of Plaintiff Patricia Rhodes Robinson and The Estate of Emory Mitchell Robinson, through its Personal Representative Patricia Rhodes Robinson individually realleges and incorporates by reference all prior paragraphs of this complaint as if fully set forth herein, and further alleges that at all times of which they complain, Defendant Baltimore Washington Medical Center, Inc. had a duty to obtain Emory Mitchell Robinson's informed consent.  This duty required Defendant Baltimore Washington Medical Center, Inc. to provide all material information concerning the true nature of his medical condition. This duty required Defendant Baltimore Washington Medical Center, Inc. to disclose every material risk of negative consequences and known risk of his proposed discharge without having the appropriate diagnosis and medical treatment he required. A material risk is a risk that would be significant to a reasonable person who is asked to decide whether to consent to a course of medical treatment.

113.  Defendant Baltimore Washington Medical Center, Inc. breached the duty to obtain informed consent because it failed to explain to Emory Mitchell Robinson the above material risks and consequences of discharging him without radiological studies that were capable of

determining the true nature of the abnormal pathology of his spine and offering him the option of further studies and or further admission and surgical treatment.

114. Defendant Baltimore Washington Medical Center, Inc. failed to obtain informed consent in other respects as well.

115.  Defendant Baltimore Washington Medical Center, Inc.'s failure to obtain informed consent was a proximate cause of the Emory Mitchell Robinson's injuries and damages that are fully incorporated herein by reference and his later pre-mature wrongful death.

WHEREFORE, the Plaintiffs demand judgment in their favor and against Defendant Baltimore Washington Medical Center, Inc. in the amount of Three Million Dollars ($3,000,000.00) plus interest, costs and such other and further relief as this Honorable Court deems proper.

<u>COUNT XVIII</u>

Plaintiffs Joan Robinson Lynch, James Mitchell Robinson, Janet Robinson Stern, and
To the Use of Plaintiff Patricia Rhodes Robinson
and Plaintiff The Estate of Emory Mitchell Robinson

**(Breach of the Duty to Obtain Informed Consent-
Defendant Baltimore Washington Emergency Physicians, Inc.)**

116.  Plaintiffs Joan Robinson Lynch, James Mitchell Robinson, Janet Robinson Stern, and to the Use of Plaintiff Patricia Rhodes Robinson and The Estate of Emory Mitchell Robinson, through its Personal Representative Patricia Rhodes Robinson individually realleges and incorporates by reference all prior paragraphs of this complaint as if fully set forth herein, and further alleges that at all times of which they complain, Defendant Baltimore Washington Emergency Physicians, Inc. had a duty to obtain Emory Mitchell Robinson's informed consent. This duty required Defendant Baltimore Washington Emergency Physicians, Inc. to provide all

material information concerning the true nature of his medical condition. This duty required Defendant Baltimore Washington Emergency Physicians, Inc. to disclose every material risk of negative consequences and known risk of his proposed discharge without having the appropriate diagnosis and medical treatment he required. A material risk is a risk that would be significant to a reasonable person who is asked to decide whether to consent to a course of medical treatment.

117.  Defendant Baltimore Washington Emergency Physicians, Inc. breached the duty to obtain informed consent because it failed to explain to Emory Mitchell Robinson the above material risks and consequences of discharging him without radiological studies that were capable of determining the true nature of the abnormal pathology of his spine and offering him the option of further studies and or further admission and surgical treatment.

118.  Defendant Baltimore Washington Emergency Physicians, Inc. failed to obtain informed consent in other respects as well.

119.  Defendant Baltimore Washington Emergency Physicians, Inc.'s failure to obtain informed consent was a proximate cause of the Emory Mitchell Robinson's injuries and damages that are fully incorporated herein by reference and his later pre-mature wrongful death.

WHEREFORE, the Plaintiffs demand judgment in their favor and against Defendant Baltimore Washington Emergency Physicians in the amount of Three Million Dollars ($3,000,000.00) plus interest, costs and such other and further relief as this Honorable Court deems proper.

1

COUNT XIX

Plaintiffs Joan Robinson Lynch, James Mitchell Robinson, Janet Robinson Stern, and
To the Use of Plaintiff Patricia Rhodes Robinson

**(Wrongful Death –Defendant Martin N. Scott, M.D.)**

120.  Plaintiffs Joan Robinson Lynch, James Mitchell Robinson, Janet Robinson Stern, and to the Use of Plaintiff Patricia Rhodes Robinson individually reallege and incorporate by reference paragraphs one through sixteen into this count as though fully set forth herein, and further allege that at all times of which they complain, Defendant Martin N. Scott, M.D. was licensed to practice medicine in the State of Maryland and represented to the public and Emory Mitchell Robinson possession of that degree of skill, knowledge and ability ordinarily possessed by reasonably competent medical doctors practicing the medical specialty of radiology.

121.   Defendant Martin N. Scott, M.D. owed a duty to Emory Mitchell Robinson and those other patients, whose diagnostic studies he read and interpreted to exercise the degree of care, skill and judgment ordinarily expected of a reasonably competent medical doctor of the same or similar specialty acting in the same or similar circumstances; that duty included properly administering, interpreting, monitoring, attending to, informing, warning, examining, diagnosing, referring, consulting upon and administering to patients who might submit to his care and professional diagnostic analysis.

122.  On or about November 11, 2017, Emory Mitchell Robinson came under the radiological diagnostic care of Defendant Martin N. Scott, M.D.

123.  Defendant Martin N. Scott, M.D. deviated from the accepted standards of medical care by failing to provide appropriate interpretation of Emory Mitchell Robinson diagnostic radiological studies, including failing:  1) to assure that an adequate diagnostic study was taken

that could be accurately interpreted; 2) failing to appreciate that the diagnostic studies that were taken were not adequate to rule out spinal injury; 3) failing to accurately interpret the diagnostic study that was taken; 4) failing to inform and warn Emory Mitchell Robinson about the true nature of his medical condition and the risks associated with it; 5) failing to properly diagnose Emory Mitchell Robinson's spinal fracture and other pathologic abnormalities; and 6) otherwise failing to appropriately and adequately diagnose Emory Mitchell Robinson.

124.  By breaching the aforementioned duties, Defendant Martin N. Scott, M.D. was negligent in the diagnostic interpretation he charted in Emory Mitchell Robinson medical records.

125.  As a direct and proximate result of Defendant Martin N. Scott, M.D.'s negligence, Emory Mitchell Robinson died on January 19, 2018.

126.  As a further direct and proximate result of the negligence of Defendant Martin N. Scott, M.D., Plaintiffs Joan Robinson Lynch, James Mitchell Robinson, Janet Robinson Stern, and to the Use of Plaintiff Patricia Rhodes Robinson have sustained pecuniary loss, mental anguish, emotional pain and suffering, loss of society, loss of companionship, loss of marital care, loss of parental care, loss of financial support, loss of comfort, loss of protection, loss of filial care, loss of attention, loss of advice, loss of counsel, loss of training, loss of guidance, and loss of education.

127.  All of the injuries, damages and losses claimed herein were directly the result of the medical negligence, carelessness, unskillfulness of Defendant Martin N. Scott, M.D., who 1) did not conduct himself in a competent and skillful manner; 2) failed to exercise the degree of skill and care necessary under the circumstances; 3) departed from generally accepted medical practices, procedures and diagnostic standards of care; and 4) was otherwise careless, reckless and negligent.

WHEREFORE, the Plaintiffs demand judgment in their favor and against Defendant Martin N. Scott, M.D. in the amount of Three Million Dollars ($3,000,000.00) plus interest, costs and such other and further relief as this Honorable Court deems proper.

COUNT XX

Plaintiff The Estate of Emory Robinson

**(Survivorship Medical Negligence –Defendant Martin N. Scott, M.D.)**

128.  Plaintiff the Estate of Emory Mitchell Robinson, by and through its Personal Representative, Patricia Rhodes Robinson, individually realleges and incorporates by reference paragraphs one through sixteen into this count as though fully set forth herein, and further alleges that at all times of which it complains, Defendant Martin N. Scott, M.D. was licensed to practice medicine in the State of Maryland and represented to the public and Emory Mitchell Robinson possession of that degree of skill, knowledge and ability ordinarily possessed by reasonably competent medical doctors practicing the medical specialty of radiology.

129.   Defendant Martin N. Scott, M.D. owed a duty to Emory Mitchell Robinson and those other patients, whose diagnostic studies he read and interpreted, to exercise the degree of care, skill and judgment ordinarily expected of a reasonably competent medical doctor of the same or similar specialty acting in the same or similar circumstances; that duty included properly administering, interpreting, monitoring, attending to, informing, warning, examining, diagnosing, referring, consulting upon and administering to patients who might submit to his care and professional diagnostic analysis.

130.  On or about November 11, 2017, Emory Mitchell Robinson came under the radiological diagnostic care of Defendant Martin N. Scott, M.D.

131.  Defendant Martin N. Scott, M.D. deviated from the accepted standards of medical care by failing to provide appropriate interpretation of Emory Mitchell Robinson diagnostic radiological studies, including failing:  1) to assure that an adequate diagnostic study was taken that could be accurately interpreted; 2) failing to appreciate that the diagnostic studies that were taken were not adequate to rule out spinal injury; 3) failing to accurately interpret the diagnostic study that was taken; 4) failing to inform and warn Emory Mitchell Robinson about the true nature of his medical condition and the risks associated with it; 5) failing to properly diagnose Emory Mitchell Robinson's spinal fracture and other pathologic abnormalities; and 6) otherwise failing to appropriately and adequately diagnose Emory Mitchell Robinson.

132.  By breaching the aforementioned duties, Defendant Martin N. Scott, M.D. was negligent in the diagnostic interpretation he charted in Emory Mitchell Robinson medical records.

133.  As a direct and proximate result of Defendant Martin N. Scott, M.D.'s negligence, Emory Mitchell Robinson suffered bodily injuries that caused him to, among other things, experience:  physical and emotional pain and discomfort; severe shocks to his nerves and nervous system; mental anguish; nervousness and anxiety over future consequences up until and ending at the time of his presentation and admittance at Ascension St. Vincent's Riverside in Jacksonville Florida on November 12, 2017.

134.  All of the injuries, damages and losses claimed herein were directly the result of the medical negligence, carelessness, unskillfulness of Defendant Martin N. Scott, M.D., who 1) did not conduct himself in a competent and skillful manner; 2) failed to exercise the degree of skill and care necessary under the circumstances; 3) departed from generally accepted medical practices, procedures and diagnostic standards of care; and 4) was otherwise careless, reckless and negligent.

WHEREFORE, the Plaintiffs demand judgment in their favor and against Defendant Martin N. Scott, M.D. in the amount of Three Million Dollars ($3,000,000.00) plus interest, costs and such other and further relief as this Honorable Court deems proper.

<u>COUNT XXI</u>

Plaintiffs Joan Robinson Lynch, James Mitchell Robinson, Janet Robinson Stern, and
To the Use of Plaintiff Patricia Rhodes Robinson

**(Wrongful Death –Defendant Advanced Radiology, P.A.)**

135.  Plaintiffs Joan Robinson Lynch, James Mitchell Robinson, Janet Robinson Stern, and to the Use of Plaintiff Patricia Rhodes Robinson individually reallege and incorporate by reference paragraphs one through sixteen into this count as though fully set forth herein, and further allege that at all times of which they complain, Defendant Advanced Radiology, P.A. was medical professional association providing medical diagnostic services in the State of Maryland and represented to the public and Emory Mitchell Robinson possession of that degree of skill, knowledge and ability ordinarily possessed by reasonably competent professional association of medical diagnostic physicians practicing the medical specialty of radiology.

136.   Defendant Advanced Radiology, P.A. owed a duty to Emory Mitchell Robinson and those other patients, whose diagnostic studies it agreed to read and interpreted to exercise the degree of care, skill and judgment ordinarily expected of a reasonably competent medical professional association of doctors of the same or similar specialty acting in the same or similar circumstances; that duty included properly administering, interpreting, monitoring, attending to, informing, warning, examining, diagnosing, referring, consulting upon and administering to patients who might submit to his care and professional diagnostic analysis.

137.  On or about November 11, 2017, Emory Mitchell Robinson came under the radiological diagnostic care of Defendant Advanced Radiology, P.A.

138.  Defendant Advanced Radiology, P.A. deviated from the accepted standards of medical care by failing to provide appropriate interpretation of Emory Mitchell Robinson diagnostic radiological studies, including failing:  1) to assure that an adequate diagnostic study was taken that could be accurately interpreted; 2) failing to appreciate that the diagnostic studies that were taken were not adequate to rule out spinal injury; 3) failing to accurately interpret the diagnostic study that was taken; 4) failing to inform and warn Emory Mitchell Robinson about the true nature of his medical condition and the risks associated with it; 5) failing to properly diagnose Emory Mitchell Robinson's spinal fracture and other pathologic abnormalities; and 6) otherwise failing to appropriately and adequately diagnose Emory Mitchell Robinson.

139.  By breaching the aforementioned duties, Defendant Advanced Radiology, P.A. was negligent in the diagnostic interpretation it charted in Emory Mitchell Robinson medical records and communicated to Emory Mitchell Robinson's other treating medical providers.

140.  As a direct and proximate result of Defendant Advanced Radiology, P.A.'s negligence, Emory Mitchell Robinson died on January 19, 2018.

141.  As a further direct and proximate result of the negligence of Defendant Advanced Radiology, P.A. Plaintiffs Joan Robinson Lynch, James Mitchell Robinson, Janet Robinson Stern, and to the Use of Plaintiff Patricia Rhodes Robinson have sustained pecuniary loss, mental anguish, emotional pain and suffering, loss of society, loss of companionship, loss of marital care, loss of parental care, loss of financial support, loss of comfort, loss of protection, loss of filial care, loss of attention, loss of advice, loss of counsel, loss of training, loss of guidance, and loss of education.

142.  All of the injuries, damages and losses claimed herein were directly the result of the medical negligence, carelessness, unskillfulness of Defendant Advanced Radiology, P.A. , who 1) did not conduct itself in a competent and skillful manner; 2) failed to exercise the degree of skill and care necessary under the circumstances; 3) departed from generally accepted medical practices, procedures and diagnostic standards of care; and 4) was otherwise careless, reckless and negligent.

WHEREFORE, the Plaintiffs demand judgment in their favor and against Defendant Advanced Radiology, P.A. in the amount of Three Million Dollars ($3,000,000.00) plus interest, costs and such other and further relief as this Honorable Court deems proper.

<u>COUNT XXII</u>

Plaintiff The Estate of Emory Robinson

**(Survivorship Medical Negligence –Defendant Advanced Radiology, P.A.)**

143.  Plaintiff The Estate of Emory Mitchell Robinson, by and through its Personal Representative, Patricia Rhodes Robinson, individually realleges and incorporates by reference paragraphs one through sixteen into this count as though fully set forth herein, and further alleges that at all times of which they complain, Defendant Advanced Radiology, P.A. was medical professional association providing medical diagnostic services in the State of Maryland and represented to the public and Emory Mitchell Robinson possession of that degree of skill, knowledge and ability ordinarily possessed by reasonably competent professional association of medical diagnostic physicians practicing the medical specialty of radiology.

144.  Defendant Advanced Radiology, P.A. owed a duty to Emory Mitchell Robinson and those other patients, whose diagnostic studies it agreed to read and interpreted to exercise the degree of care, skill and judgment ordinarily expected of a reasonably competent medical

professional association of doctors of the same or similar specialty acting in the same or similar circumstances; that duty included properly administering, interpreting, monitoring, attending to, informing, warning, examining, diagnosing, referring, consulting upon and administering to patients who might submit to his care and professional diagnostic analysis.

145.  On or about November 11, 2017, Emory Mitchell Robinson came under the radiological diagnostic care of Defendant Advanced Radiology, P.A.

146.  Defendant Advanced Radiology, P.A. deviated from the accepted standards of medical care by failing to provide appropriate interpretation of Emory Mitchell Robinson diagnostic radiological studies, including failing:  1) to assure that an adequate diagnostic study was taken that could be accurately interpreted; 2) failing to appreciate that the diagnostic studies that were taken were not adequate to rule out spinal injury; 3) failing to accurately interpret the diagnostic study that was taken; 4) failing to inform and warn Emory Mitchell Robinson about the true nature of his medical condition and the risks associated with it; 5) failing to properly diagnose Emory Mitchell Robinson's spinal fracture and other pathologic abnormalities; and 6) otherwise failing to appropriately and adequately diagnose Emory Mitchell Robinson.

147.  By breaching the aforementioned duties, Defendant Advanced Radiology, P.A. was negligent in the diagnostic interpretation it charted in Emory Mitchell Robinson medical records and communicated to Emory Mitchell Robinson's other treating medical providers.

148.  As a direct and proximate result of Defendant Advanced Radiology, P.A.'s negligence, Emory Mitchell Robinson suffered bodily injuries that caused him to, among other things, experience:  physical and emotional pain and discomfort; severe shocks to his nerves and nervous system; mental anguish; nervousness and anxiety over future consequences up until and

ending at the time of his presentation and admittance at Ascension St. Vincent's Riverside in

Jacksonville Florida on November 12, 2017.

149.  All of the injuries, damages and losses claimed herein were directly the result of the

medical negligence, carelessness, unskillfulness of Defendant Advanced Radiology, P.A., who 1)

did not conduct itself in a competent and skillful manner; 2) failed to exercise the degree of skill

and care necessary under the circumstances; 3) departed from generally accepted medical

practices, procedures and diagnostic standards of care; and 4) was otherwise careless, reckless

and negligent.

WHEREFORE, the Plaintiffs demand judgment in their favor and against Defendant

Advanced Radiology, P.A. in the amount of Three Million Dollars ($3,000,000.00) plus interest,

costs and such other and further relief as this Honorable Court deems proper.


## COUNT XIII

Plaintiffs Joan Robinson Lynch, James Mitchell Robinson, Janet Robinson Stern, and
To the Use of Plaintiff Patricia Rhodes Robinson
and Plaintiff The Estate of Emory Mitchell Robinson

**(Imputed Negligence/Respondeat Superior-
Survivorship Medical Negligence and Wrongful Death Defendant:
Advanced Radiology, P.A.)**

150.  Plaintiffs Joan Robinson Lynch, James Mitchell Robinson, Janet Robinson Stern,

and to the Use of Plaintiff Patricia Rhodes Robinson and Plaintiff Estate of Emory Mitchell

Robinson, by and through its Personal Representative, Patricia Rhodes Robinson, individually

reallege and incorporate by reference paragraphs one through sixteen and  paragraphs one

hundred nineteen through one hundred thirty-three into this count as though fully set forth

herein, and further allege that at all times of which they complain that while rendering care  to

Emory Mitchell Robinson, Defendant Martin N. Scott, M.D. was acting as an agent, servant,

and/or employee and to the benefit and furtherance of the interests of her principal and/or employer Defendant Advanced Radiology, P.A.

151.  That at all times of which they complain that while rendering care to Emory Mitchell Robinson, Defendant Martin N. Scott, M.D. was acting as an agent, servant, and/or employee and to the benefit and furtherance of the interests of his principal and/or employer Defendant Advanced Radiology, P.A.

152.  As the principal and/or employer of Defendant Martin N. Scott, M.D., Defendant Advanced Radiology, P.A. is responsible for all negligent acts committed by him in the performance of his agency and/or within the scope of his employment as well as the injuries and damages that Plaintiffs Joan Robinson Lynch, James Mitchell Robinson, Janet Robinson Stern, and to the Use of Plaintiff Patricia Rhodes Robinson, and Plaintiff the Estate of Emory Rhodes Robinson sustained as a direct and proximate result of these negligent acts and wrongful death of Emory Mitchell Robinson which are fully incorporated herein by reference.

WHEREFORE, the Plaintiffs demand judgment in their favor and against Defendant Advanced Radiology, P.A. in the amount of Three Million Dollars ($3,000,000.00) plus interest, costs and such other and further relief as this Honorable Court deems proper.

<u>COUNT XXIV</u>

Plaintiffs Joan Robinson Lynch, James Mitchell Robinson, Janet Robinson Stern, and
To the Use of Plaintiff Patricia Rhodes Robinson
and Plaintiff The Estate of Emory Mitchell Robinson

**(Breach of the Duty to Obtain Informed Consent-
Defendant Martin N. Scott, M.D.)**

153.  Plaintiffs Joan Robinson Lynch, James Mitchell Robinson, Janet Robinson Stern, and to the Use of Plaintiff Patricia Rhodes Robinson and The Estate of Emory Mitchell

Robinson, through its Personal Representative Patricia Rhodes Robinson individually realleges and incorporates by reference all prior paragraphs of this complaint as if fully set forth herein, and further alleges that at all times of which they complain, Defendant Martin N. Scott, M.D. had a duty to obtain Emory Mitchell Robinson's informed consent.  This duty required Defendant Martin N. Scott to provide all material information concerning the true nature of his medical condition. This duty required Defendant Christina Martin N. Scott, M.D. to disclose every material risk of negative consequences and known risk of his proposed discharge without having the appropriate diagnosis and medical treatment he required. A material risk is a risk that would be significant to a reasonable person who is asked to decide whether to consent to a course of medical treatment.

154.  Defendant Martin N. Scott, M.D. breached the duty to obtain informed consent because he failed to explain to Emory Mitchell Robinson the above material risks and consequences of discharging him without radiological studies that were capable of determining the true nature of the abnormal pathology of his spine and offering him the option of further studies and or further admission and surgical treatment.

155. Defendant Martin N. Scott, M.D. failed to obtain informed consent in other respects as well.

156.  Defendant Martin N. Scott, M.D.'s failure to obtain informed consent was a proximate cause of the Emory Mitchell Robinson's injuries and damages that are fully incorporated herein by reference and his later pre-mature wrongful death.

WHEREFORE, the Plaintiffs demand judgment in their favor and against Defendant Martin N. Scott, M.D. in the amount of Three Million Dollars ($3,000,000.00) plus interest, costs and such other and further relief as this Honorable Court deems proper.

<u>COUNT XXV</u>

Plaintiffs Joan Robinson Lynch, James Mitchell Robinson, Janet Robinson Stern, and
To the Use of Plaintiff Patricia Rhodes Robinson
and Plaintiff The Estate of Emory Mitchell Robinson

**(Breach of the Duty to Obtain Informed Consent-
Defendant Advanced Radiology, P.A.)**

157.  Plaintiffs Joan Robinson Lynch, James Mitchell Robinson, Janet Robinson Stern,

and to the Use of Plaintiff Patricia Rhodes Robinson and The Estate of Emory Mitchell

Robinson, through its Personal Representative Patricia Rhodes Robinson individually realleges

and incorporates by reference all prior paragraphs of this complaint as if fully set forth herein,

and further alleges that at all times of which they complain, Defendant Advanced Radiology, P.A.

had a duty to obtain Emory Mitchell Robinson's informed consent.  This duty required

Defendant Advanced Radiology, P.A. to provide all material information concerning the true

nature of his medical condition. This duty required Defendant Advanced Radiology, P.A. to

disclose every material risk of negative consequences and known risk of his proposed discharge

without having the appropriate diagnosis and medical treatment he required. A material risk is a

risk that would be significant to a reasonable person who is asked to decide whether to consent to

a course of medical treatment.

158.  Defendant Advanced Radiology, P.A. breached the duty to obtain informed consent

because it failed to explain to Emory Mitchell Robinson the above material risks and

consequences of discharging him without radiological studies that were capable of determining

the true nature of the abnormal pathology of his spine and offering him the option of further studies and or further admission and surgical treatment.

159. Defendant Advanced Radiology, P.A. failed to obtain informed consent in other respects as well.

160.  Defendant Advanced Radiology, P.A.'s failure to obtain informed consent was a proximate cause of the Emory Mitchell Robinson's injuries and damages that are fully incorporated herein by reference and his later pre-mature wrongful death.

WHEREFORE, the Plaintiffs demand judgment in their favor and against Defendant Advanced Radiology, P.A. in the amount of Three Million Dollars ($3,000,000.00) plus interest, costs and such other and further relief as this Honorable Court deems proper.

Respectfully Submitted,

**THE HARAK LAW FIRM, LLC**

David A. Harak, Esquire
1400 South Charles Street
Baltimore, Maryland 21230
Tel:  410.347.1272
Fax:  410.347.1274
David@HarakLaw.com
*Attorney for the Plaintiffs*

**ELECTION FOR JURY TRIAL**

Plaintiffs hereby elect for trial by Jury.

**THE HARAK LAW FIRM, LLC**

David A. Harak, Esquire